UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HITAKSHI LAHRANI,

    Plaintiff,

v.                                      Case No.:

TRANSAMERICA FINANCIAL
ADVISORS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, HITAKSHI LAHRANI, by and through her undersigned counsel and sues the Defendant, TRANSAMERICA FINANCIAL ADVISORS, INC. ("Defendant" or "TRANSAMERICA"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. TRANAMERICA, is a Foreign Limited Liability Company authorized and doing business in this Judicial District. At all times material, TRANSAMERICA, employed Plaintiff, HITAKSHI LAHRANI.

4. At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as amended, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on November 25, 2019.

10. On December 16, 2019, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. A copy of the Charge of Discrimination and Dismissal is attached as **Exhibit A**. This Complaint has been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

11. Plaintiff intends to move for leave of court to file her claims under Fla. Stat. Chap. 760 once the 180 days have passed since filing the Charge of Discrimination.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 35-year-old female of Indian national origin.

13. Plaintiff is currently a candidate for a Ph.D. in Mathematics from the University of South Florida.

14. On or about April 17, 2019, Plaintiff began her employment with Defendant as an hourly-paid Intern.

15. The internship was scheduled to last one year.

16. During her employment with Defendant, Plaintiff was not informed of any performance issues and understood that she was doing a good job.

17. In fact, Plaintiff received several emails from supervisors commending her for her strong work performance.

18. On or about September 6, 2019, Plaintiff was instructed to help arrange a retirement party for Don Morden (Director).

19. During the retirement party, Morden made discriminatory comments, such as: "these Indians work a lot," "a lot of Indians come over here to work because they don't have water to drink in India," and "they [Indians] will take your work and everything else."

20. While Morden was making these discriminatory comments, Maja Milosevic (Supervisor/Analyst) heard the comments and nodded in agreement.

21. Despite arranging and attending the retirement party, Plaintiff was not compensated for the work. However, Defendant's male intern, Kevin Zhou, attended the retirement party and was compensated for his time.

22. This was not the first time that Zhou was treated more favorably than Plaintiff.

23. For example, Zhou was invited to meetings, and was allowed to use VPN remote access, which Plaintiff was not.

24. On or about September 12, 2019, Plaintiff discovered that she would not be paid for the time associated with the retirement party, despite submitting the time on her time sheet.

25. Milosevic told Plaintiff that her time sheet was incorrect and that she did not work all of the hours that she submitted.

26. Plaintiff reviewed her time sheet and confirmed with Elena Leger, Actuary, and Andrea Simmons, Market Operations Specialist, that it was accurate.

27. On September 13, 2019, Plaintiff asked Leger why she was not paid for arranging and attending the retirement party when her male counterpart was paid.

28. Leger told Plaintiff that she would speak with Milosevic.

29. Later that day, Plaintiff was informed by Simmons that Milosevic decided to terminate Plaintiff's employment due to "poor performance."

30. Simmons told Plaintiff that she should have been paid for the time associated with the retirement party, but Plaintiff later received a letter stating that she must pay them back for the retirement party because the time was not approved.

## COUNT I
## TITLE VII - NATIONAL ORIGIN DISCRIMINATION

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 30.

32. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

33. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her national origin by terminating Plaintiff's employment and failing to compensate Plaintiff commensurate with Plaintiff's male counterpart.

34. Defendant's adverse employment decisions toward Plaintiff were motivated by national origin-based considerations.

35. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

36. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

37. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## TITLE VII - SEX DISCRIMINATION

38. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 30.

39. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

40. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment and failing to compensate Plaintiff commensurate with Plaintiff's male counterpart.

41. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

42. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

43. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering,

inconvenience, loss of enjoyment of life and humiliation;

e.   Punitive damages;

f.   Attorneys' fees and costs;

g.   Injunctive relief; and

h.   For any other relief this Court deems just and equitable.

## COUNT III
## BREACH OF CONTRACT/UNPAID WAGES

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 30.

46. Plaintiff was employed with Defendant from approximately April 17, 2019, to September 13, 2019, as an hourly-paid Intern. Defendant agreed to pay Plaintiff for all hours worked and Plaintiff performed her obligation.

47. Plaintiff is entitled to wages, which are owed and payable by Defendant.

48. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by the parties' agreement.

49. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant and for damages as follows:

a.   Payment of earned unpaid wages;

b.   Pre-judgment interest;

c.   Post-judgment interest;

d.   Attorney's fees and costs; and

e. For such other relief as the Court deems equitable.

## DEMAND FOR JURY TRIAL

50. Plaintiff requests a jury trial on all issues so triable.

Dated this 12th day of March 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 0051366
Primary: greg@fgbolaw.com
Secondary: gina@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
*Attorneys for Plaintiff*